your honor I'd like to reserve three minutes for a rebuttal your honors good morning Dean Pegg for defendant appellant Bo Lewis you want your clock to say ten minutes excuse me are you dividing argument oh yes we are ten minutes each and I'd like to reserve three minutes for rebuttal you set the clock at ten your honors in my oral presentation I'd like to address two issues first I'd like to address the question of the jury instruction that the court gave on entrapment and then second I'd like to address the issue of speedy trial and the what mr. Lewis submits was a clear speedy trial violation as to the first issue the government suggests that because the jury concluded that mr. Lewis had not been induced that he was somehow not mr. Lewis believes that's wrong the the erroneous instruction infected the jury's deliberation on the question of inducement what the instruction in essence said was it was an if-and-then instruction and it said if you find that he was not predisposed then it is not entrapment if he merely provides the agents merely provide an opportunity to the defendant now nobody argued that he was predisposed in the case the government never argued it below mr. Lewis argued that he was not predisposed and the court made a number of comments that we've cited to suggesting that the court believed that as well was that mr. Lewis objected to that in the same fashion that you're arguing today if you're no not specifically but and the record is a little bit unclear on this other point mr. Lewis submitted the model 9th circuit instruction what actually happened was the government made a submission of jury instructions which included the model 9th circuit instruction and that wasn't actually filed so it's not actually in the record the submission was dated on it's undated because it's not filed but mr. Lewis filed a response a written response which is in the record on March the 5th 2001 and I can direct the court to the excerpt of record that's on page 632 his excerpt of record docket entry number 218 and in that memorandum he agrees to the portion of the of the 9th circuit model instruction as unmodified without the knot so well it would have been easily done at trial if counsel just told the court well this is not what we agreed upon and strike the knot part out and been easily done and then the court would have probably done it right well I'm not sure if the court would have done it but that that's another issue but the discussion if both sides agreed on on what you're saying now well I can tell you that what's in the record is actually very very limited there's only two lines where the court says I'm going to insert a knot here and the the problem is that the court actually as I remember had a colloquy that was not on the record related to this jury instruction so it's really I mean I can't really yes I mean the bottom line is I think that mr. Lewis could have objected below and stated more specific grounds but the focus at that time was on other parts of the jury instruction and he he stated or his counsel stated a good two pages of objections related to other portions of the entrapment instruction so clearly there was a lot of objections to this instruction the instruction itself goes on for almost two and a half three pages so it's a very lengthy instruction but to address the other point even if even if there was no objection below which you know mr. Lewis does not concede it plainly was plain error the government doesn't address any of the cases that that mr. Lewis has cited Lassard McKay's Ian and Sterner all of all of which say that this is plain error and and there's there's this type of this type of defect in the jury instruction is plain error and that's not I don't think it's that it's not a point that's debated at least effectively if I can finish with the I'll go back to my argument about why the the fact that they may have found that he was not induced still doesn't cure the instruction it's because what in essence this instruction did was it directed the jury to a verdict it said that if you find that mr. Lewis was not predisposed then it is not entrapment if the provides an opportunity now the government points out that well this is a correct statement of the law this last phrase that near that only providing an opportunity is not inducement well that's not what the instruction says the instruction says merely providing an opportunity it does not say only providing an opportunity and so what the instruction effectively did was it cut off the just the jury's deliberation on that point because the government usually provides an opportunity they certainly did provide an opportunity in this case and there was no further need to go on and look to see if the government four minutes left if you're gonna get to your speedy trial thank you your honor let me let me address the speedy trial argument I mr. Lewis cannot conceive of a more egregious violation of the speedy trial act than the one that occurred in this case below he pleaded with the court for almost two years to get a trial date he pleaded repeatedly repeatedly or pleaded and at the government's insistence the court repeatedly denied him that right then when he pointed out that his rights had been violated because the court had failed to make any findings whatsoever during this period of January 2000 to May 2000 a period of five months everybody leaped on this motion in lemonade nobody knew it was pending everybody had forgotten about it it had nothing to do with the trial date but everybody leaped on it and said well you know what there's this h1f exclusion that now excludes two years of time from his filing to the time in which it was decided now I I've read we've filed a motion and Gorman let me address Gorman for a second I have two points to make about Gorman the first is that I think you can read Gorman it's possible to read Gorman and there's a line it at page 115 of the opinion and it talks about motions that are decided after trial or during trial and I think you could read Gorman to say that for motions that could be decided during trial they won't exclude time and so that this motion this motion to sequentially present the agents or allow the agents to testify more than once during trial is really what the thing is after I guess you could have you could resolve almost any motion during trial couldn't exactly you could do that with a motion as a president with the possible exception of a motion to continue I think you could do almost everything during trial and and you know the kind of the the most you wouldn't have any speedy trial it would always be a violation if you went over the 70 days right excuse me if if you had pending motions that could be resolved during trial under your theory you would you would have a violation of the speedy trial act every time you went over 70 days right well because you couldn't exclude those motions I wouldn't quite read it that broadly or my reading of Gorman but actually that that would bring me to the second point which is even if Gorman Springer and George were read to say we're read to limit climber in essence to his facts that only a motion decided after trial can exclude time which which by the way George doesn't actually say because George well which George well if these if these cases can be read that way the problem is that is truly an illogical result because there are so many motions that have nothing to do with the trial date that have nothing to do with causing a delay in the trial date but that that would exclude time because the court would simply schedule this motion to be heard on the day before trial starts on the day after trial starts on two days and these the type or a motion or a scheduler for pre-trial exactly that's what happens you continue the trial regularly year after year you automatically continue the pre-trial if you want to hold a pre-trial two weeks before trial exactly so there would be nothing left to the speedy trial not much and there that's actually what happened in this case this motion all the agent to testify more than once was pegged to the final pre-trial conference and so every time the court continued the trial date that that that motion moved and it was like trying to hit a moving target because as judge Reinhart points out it could keep going forever and all you had to do was keep kicking the trial date and then the motion would follow and then you just keep excluding time and you've totally now investigated the act the the clause result of result from has no meaning at that point why even put it in the statute I mean there's just no point at that point all right that's your argument thank you may please the court George boss on behalf of mr. Palooch I would like to issue and then some sentencing issues for on behalf of mr. Palooch the venue issue in this case is a case it's whether or not the 545 is properly venued in any district in which the the package may indeed pass in this particular case it's no question there's no question that all the activity in the conspiracy or the the substantive acts occurred in Arizona the miss the defendants lived in Arizona they they had the conspiratorial agreement if there was a conspiratorial agreement occurred in Arizona the only connection to the northern district was that the packages for some shipments went through the port of entry in Oakland they were shipped express mail or Federal Express from from the Far East and came and on their way to Arizona they passed through the now the question is is that whether that that that is too attenuated even if we look at we assume that this offense is a continuing offense is it fair and is it proper to have a venue properly placed just where's the packages circuit where fortuitously may go through the port of entry there are many ports of entry in California in fact in this case there was evidence that there was a port of entry that the packages might have gone through in Anchorage and that's that goes to the the count thirty three December shipment for which Oakland port of entry there's no record of that package going through and I submit to the court that is that in a 545 offense it should be where the packages was intended to go where defendants resided where all the activity occurred not just where the package might have gone through this is the case where there was no real connection to the northern district of the the only connection later on was where the where some phone calls were made to that relate not to these particular specific counts but because the mr. Morrison and the field in and game people has set up a a sting operation that started in Arizona and then went to the northern district but the the basis for the jurisdiction was only because the packages might have gone to the port of entry in Oakland if you get count 33 set aside does that make any significant difference in your client's sentence everything else being the same your honor it may it's a question of now count it's a question of relevant conduct because count 33 has is the importation of the I guess the most 33 was set aside and we can consider those relevant conduct it could make a substantial difference but they still could be considered relevant conduct maybe under the law well it's the venue was right that was it's the same as an uncharged offense that's true but it's still the the prosecution would have to prove by proponents of the evidence and and the question is whether they could use that and I guess that relates to the second issue in terms of of relevant conduct in this particular case the issue is is that what is should my client have been responsible for all six shipments it's clear from from the evidence presented the trial he's only charged with three of the shipments three the six the other three weren't charged against him yet for sentencing purposes he was found to to to have been involved in all six or there was it was foreseeable to him but it must be admitted by the government that that the reason there was three other shipments was the fact that the the method allegedly utilized by my client mr. Lewis was so ineffective they wanted to freeze mr. Palouche out of the out of the the loop and and use a completely different method of importing the animals in the United States so the question is for purposes of foreseeability is this for are these other three shipments foreseeable to him and the answer is how could they be foreseeable if they were specifically going around him by using these other methods and so going back to the question is that in terms of count 33 and the other counts that the other shipments that were used we're talking of substantial difference in and relevant conduct we're talking about a enhancement of six levels was used through mr. Palouche and and if we take away if we take away that the the shipment of 33 we're down we've eliminated substantial money that's about 40,000 so we're down to a relevant conduct that probably is less than four as in terms of market value and if we eliminate the other shipments we're down even further so all this does make a sentencing the other the other issue I'd like to discuss is the pecuniary gain and the market value of double counting it is in this case mr. Palouche was given a market value enhancement of six and a pecuniary gain enhancement of two it covers the same harm I mean the objection below was the fact that mr. Palouche wasn't in it for pecuniary gain there's no evidence that he profited or was intended to profit by by his role in this offense that was overruled by the court and the court said well yes you get the pecuniary gain enhancement plus you get the market value and that's the same harm it addresses the same harm and it is he's being punished twice not only for the market value which includes you know the the gain and the otherwise financial motive involved but he's getting an extra two points for that and I contend that that's that's the permissible double counting under the guidelines and shouldn't be be used the final point I'd like to make and I'd like to reserve a couple minutes for the rebuttal it is the minor role adjustment which I asked for at the lower court and it was denied in this case mr. Palouche was certainly a minor player compared to the others in this case if we if we talk about the other defendants there's mr. Wong there's mr. Lewis there's mr. Burroughs all these people were the kind of the alleged core of the conspiracy to import animals into the United States the mr. Miller and mr. Liu King who who were treated differently they were cooperating witnesses in this particular case we could we could eliminate them I guess from the from the mix a little because they were treated a little bit because of the cooperation status of the other defendants my client is certainly the most minor participant in this offense because his activity was allegedly to attempt to recruit others from Federal Express to to help import to animals well in fact no one was recruited everyone that testified for the government said I asked me I didn't didn't agree no one said he tried to evidence he attempted to recruit them they all said no they took no actions and in fact mr. Palouche other than the picking up of the December 1997 package had had really nothing didn't pick up the animals didn't miss direct the packages in any way for any other the shipments not the shipments not the August shipment because that this didn't go anywhere it was attempted to be created a big stink at the Federal Express facility and the March the March shipment that my client was convicted of mr. Liu King picked the package up and delivered it to mr. Miller's and mr. Lewis's residence so in terms of activity mr. Palouche had next to nothing in terms of activities and this he should have least have been granted a minor to a minor participant I wasn't asking for a minimal participant because then you have to be the least involved but in terms of the other players in this particular case that weren't cooperators he certainly was the minor player you wanted to say I'd say a good morning your honors may it please the court my name is Todd a guard I'm here representing the United States Lewis and Palouche were properly convicted for their scheme to smuggle rare reptiles into the United States I'll focus this morning on the issues that the defendants have raised and go first to the Speedy Trial Act issue as the court knows there's been two different issues raised as to the Speedy Trial Act and I believe that this of the pending pretrial motion that motion was filed on April 15th 1999 and the court held a hearing and ruled on it on January 11th 2001 now the court in in in rejecting mr. Lewis's Speedy Trial Act motion to dismiss went back and said that that period was specifically covered by the exclusion h1f because that exempts any period of delay resulting from any pretrial motion how do you account for the delay for the sequential testimony motion that that is the motion you're talking yes that's right it's the same motion yes are you talking about the delay between the filing of the motion and its eventual resolution well how many days did were excluded based on that motion that motion alone yes I think that motion alone only turned out to be a period of January more than that more than the period of the Speedy Trial Act if that if that exclusion is incorrect you're over the time limit I think that's right I think that's right yes well let's say let's talk about that a bit yes didn't the judge say from the onset that that motion would be taken up at a pretrial conference yes what he said is I need more information about how this case is going to be presented in order for me to resolve this motion and when he went back and denied mr. Lewis's motion to dismiss on Speedy Trial Act grounds that's what he said again is that it took me a long time to resolve that motion because I simply did not have I can't resolve I don't want to resolve that motion until the time of pretrial right no what he said was I need more information about how the government's case did Hawkins asked you didn't he say from the beginning that he wanted to resolve that a pretrial yes because he said that that was a motion he wasn't going to resolve till pretrial you mean immediately pretrial or pretrial at the pretrial at the pretrial conference right no I think what he said is I need more information I don't think he specifically said I'm only going to resolve it right before trial I don't think he did and nevertheless in any of you would you let's assume he did okay does that excuse compliance with the Speedy Trial Act if the judge says oh the question is I'm not going to rule on motions to a pretrial the question isn't whether it excuses compliance but whether it is compliance and actually this is whatever you want to call it is it compliance the Supreme Court if at the outset the first time you get a motion judges I'm going to resolve all which will be one week before trial in that circumstance there could not be a violation of the Speedy Trial Act the Supreme Court specifically has addressed that issue in its Henderson versus United States case what it said your answer is right that's correct as long as the judge says I will consider all violation the Speedy Trial Act in that case no matter whether it takes five years ten years to get to trial well what is that right that is right and that is specifically what the Supreme Court held in Henderson what the Supreme Court said is that it recognized that in holding that a court could not look at the reason for the delay in resolving the motion that that created a potential for abuse but the Supreme Court citing direct legislative history on that issue said that any for potential for abuse should be policed by local court rules rather than by the Speedy Trial Act because Congress had made an explicit decision not to make that it not to have courts make that inquiry in addition I would point out that there is always the backstop of a due process Speedy Trial argument relying on the Barker v. Wingo factors as opposed to the Speedy Trial Act but for some reason Congress in the Speedy Trial Act placed no limits on the motion and as I said both Congress caused by the motion that's right but what if the motion doesn't cause the delay well what this court what this court and I would suggest that Henderson precludes the exact inquiry because if you look at what Lewis is arguing if you look at his Lewis's brief what he is explicitly saying is the the motion should have been decided earlier and that is exactly what Henderson says cannot be examined by a court by the court on the Speedy Trial Act so if we if we agree with that it should have been decided six months earlier then you say under Henderson that doesn't make any difference anyway that's right it's simply Congress simply did not include that inquiry under the Speedy Trial Act and as I said the Supreme Court has said that to the extent that courts should be policing that for a potential abuse that should be resolved by local court rule so for example there could be a court rule that says if you know if you're not going to resolve a motion until pre until shortly before pretrial then maybe it should be it should be withdrawn until the time it can be you know various can't withdraw if the motions made by the other side well that's right there could be a court rule though that I'm saying there are a number of different ways in which local courts could follow the Supreme Court and Congress's mandate having a little trouble following the argument maybe if I can just play out the concerns you can respond to them I can understand a district court saying my practice of the practice of this district court under our rules is that all pretrial motions should be raised filed and raised at the pretrial conference that's where I'll deal with them and lawyers on both sides say we understand that and there we're going to comply with the rules we will file no motions until 30 days or 90 days before the pretrial conference is scheduled and then let's say the trial in the case I've just described takes place outside the speedy trial guidelines is there a violation so in other words if because of the local court rule a motion is delayed in filing no one files anything the council say we hear you your honor we want to keep you happy we want to comply with the local rules we won't file anything until you set the pretrial conference will file them 90 days or 60 days in advance so that so they're ready for disposition at the conference but we will not file them until your honor sets a pretrial conference and then the trial is not scheduled for say three years then is there is always the question of course of the other factors but that that one exclusion would only apply from the time that the motion was actually filed and that circumstance you would concede there is a speed there could be a speedy trial act violation sure because this act says from the time the motion is filed okay we're clear on that yes but you say it's different if whatever the local rules are someone files a motion and the court says I got this motion on non-sequential testimony I'll take that up at the pretrial conference and by the way any delay occasioned by the filing of this motion is excludable that's not a violation and the trial takes place three years later that's right that's that's Henderson that's not a violation that's Henderson okay yeah I understand your argument I don't necessarily agree with him I understand but in any event we have a very strong argument that we've made in our brief that even if this court could look at the fact go go beyond what I've said it's legally allowed to do and look at the reason for the delay here and whether it was reasonable that it was not clear error for the judge Jenkins here to conclude that the that the delay in setting the deciding this motion resulted from that the delay in the trial resulted from the deciding of this motion judge Jenkins went back and said listen I went back I've reviewed the record I know why I decided this motion I could not decide this motion until I had more information from the parties and I didn't have that information from the parties at the at the time you're saying I should have decided this motion judge Jenkins knew when he could decide the motion and he said explicitly on the record I couldn't decide it then I didn't have the information we have this judge in the next case and he was certain that sentencing who was Quan and who was Chang and it turns out he was dead wrong well here I think you can actually look at the record and see that there are a number of factors it was not very interested in getting this case to trial quickly in this case he was told that the law a year before that the man's to go overseas for a international tribunal and he would his client wouldn't be able to have his lawyer anymore unless they brought it to trial within a year a year from then it had been going on for a year or two by them and that didn't seem to cause anybody to have any greater effort I would I was strongly disagree with that the fact that they weren't able to bring it to trial within a year does not mean that no one was trying for that and I think well who was trying to bring it to trial the government of course the government was trying to bring a trial it's just that there was a variety of factors that were making that very difficult if this I would I would point out that this goes beyond the speedy trial act issues that are presented here but if you're just looking at a gestalt Ian does this sit well with us perspective there are a number of reasons why that it took a long time for this case to go to trial there was an ongoing investigation defendant was overseas that's one factor there was an ongoing investigation there were superseding indictments that were as that investigation proceeded there was as you said the fugitive defendant who had not been severed and I point out that mr. Lewis did not file a motion to sever until very late in this proceeding and in fact specifically said that he wasn't going to file such a motion there was a very complex legal scheme there was thousands and thousands of pages of record I don't know about that there was an enormous record in this case about importing lizards that's right but there was a huge volume of recorded transcripts here and there was how complex can the scheme be all right it's just curious if you look at the indictment it's actually caught quite come what do you do when there are terrorists I would watch I guess okay there there were 55 counts in this indictment at the time that the court was it was it was eventually narrowed trying to tell us this case was overcharged also no I would say this was a very extensive criminal scheme that was that issue and because of the multiple defendants now mr. Lewis wasn't involved in all 55 counts that were involved at any rate oh and one final thing about the speedy trial act issues that mr. Lewis has suggested that people simply forgot about the motion now he and his counsel may have forgotten about the motion but the government and and I any sign that the district court forgot about the motion as I said all along that's right I'll go there now to the entrapment instruction issue I think this is a very straightforward issue there is an if-then statement that was made in the instruction the then statement is correct no matter what the if statement is it is always true that merely providing an opportunity to commit a crime is not entrapment therefore no matter what the district court had said in its if statement if it had said if the moon is full it still would be a correct statement of instruction nevertheless mr. Lewis has assigned a very specific error to that instruction that error is that it could have led the jury to believe that some that predisposition could could occur after the initial contact with government agents that is that if statement that was made by the court said nothing about that and in the immediate sentence immediately preceding that instruction the court had specifically clarified that exact issue and said that predisposition is only to be judged pre-contact with government agents finally as to the issue of prejudice the jury very specifically found inducement and did not reach the issue of predisposition therefore any decision any misstatement on the issue of how to judge predisposition could not have affected the jury's finding as to whether there was inducement or not going to the issues that have been raised by mr. pooch the venue in the sentencing on the venue this is a very easy issue because 18 USC 32 37 a explicitly covers offenses involving importation and says that venue is proper in those offenses in any district through which the imported object moves and mr. pooch has argued that this court should rely on the Brennan case out of the second circuit but that only involved the issue of the use of males aspect of 32 37 a we're not relying on any on the use of males language were relying on the importation offense and there can be no question that importation in violation of law is an importation offense is this where they cleared is the northern district of california where these items yes that's right well there's one question 33 didn't clear there how do you take care of count 33 there's very to the extent that there is a question about any of the counts it would be about count 33 first that this is only a preponderance of the evidence standard this isn't a beyond reasonable doubt standard for venue and relying specifically on the stitzer case out of the 11th circuit and the trenary case out of this circuit courts of appeals have had no trouble where there is a series of transactions and other transactions have all of there is direct evidence that the other transactions occurred through that venue the courts have had no trouble upholding under virtually identical circumstances as this you know have to be coming from the same place and going to the same place or how do you what happened for example in the stitzer case is you have a series of drug transactions moving from Florida to Chicago and one of them there was no evidence about where the transact where the where the drug started and what the court said is where all the other shipments started in Fort Lauderdale and made their way up to Chicago it was reasonable to find as a by preponderance of the evidence that this shipment did the same that all these come from the same location in our case all these turtles and lizards and things they came from Indonesia and Malaysia yes there but those are different countries well but there I mean there's their Southeast Asia but obviously they're different right but but where you have all the where you have the other shipments coming through Oakland I think it was perfectly reasonable for the court to find again by a preponderance of the evidence that this shipment would have done the same now in the alternative we have this alternative argument about the aiding and abetting that Lewis committed by sending the money for the shipment through through this district so there's two independent means by which you could find other accounts that are not smuggling counts there are well depend you mean the smuggling statute or that didn't involve so I don't know in your brief the first section is headed both on the heading and under argument and in the table of then you was proper for the smuggling count what we meant is the smuggling statute there are other offenses such as the Lacey act mislabeling that you might think of factually a smuggling but the but the crime was not smuggling is that mean the venue was not proper for the other venue was only challenged for three counts of which pollutes was convicted those third 33 34 and 35 which has not raised any venue any venue problems as to the Lacey act mislabeling the only ones he challenged here what you call smuggling counts that's right 33 34 and 35 which are smuggling both in the factual sense and in the legal sense of being the smuggling statute okay finally I'll go briefly to the issue of sentencing his argument as to pecuniary gain in market value we've addressed in our brief but the first problem is that he says that the district court relied on pecuniary gain that's not true at all actually what it says that it what it found was that it was relying on the otherwise commercial purpose so all it found was that there was a commercial purpose in imposing one enhancement and then in imposing another enhancement based it on the market value of the wildlife as we point out in our brief market value of wildlife is related to a number that to the extensiveness of the of the scheme and doesn't it doesn't go to the same factor as the otherwise commercial purpose his argument as to being the minor a minor participant again all these issues are resolved for clear error but his argument just seems to be he was the most minor of the defendants involved in this trial and that's simply not the standard for whether he should get a minor participant I didn't hear that could be his argument I heard his argument was that in fact he stated that counsel stated he wasn't the most minor he's not claiming he was the most minor but that he's entitled I heard I heard that too I think what he said is I was the most minor of these defendants and then later said I wasn't the most minor of I may not have been the most minor of everyone involved in the scheme the argument is I was kind of minor kind of my that's right and what I would say is that the fact that he was first the fact that Lewis from very early on was telling agent Morrison that he was coming up with a scheme with Palooch shows that he was an intimately involved in the planning of the scheme and second the fact that he was out recruiting people and the fact that he was unsuccessful in recruiting people I don't think makes any difference but the fact that he was recruiting people to that scheme shows that he wasn't a minor participant well you say that's a matter of clear air that no objection was raised below about that oh no it's clear just because it's a factual finding oh okay clear enough yeah I'm playing oh which speaking of standard of review in my last 40 seconds just to go to the the entrapment instruction issue is clearly a plain error the fact that he raised other objections to the same instruction that had nothing to do with with this issue and the fact that I mean he he I think has conceded this morning that he did not raise the objection that he now makes before the court if he had the court would have had an opportunity to decide whether it was in the state in the law and therefore the player standard must apply thank you thank you your honor let me your honors let me briefly address some of the speedy trial arguments that I heard first counsel for the government talks about Henderson and Henderson's impact on the questions before you that is a red herring the climber court pointed out the difference between what's at issue here which is the question of whether or not delay results from a motion a pending motion and whether or not that delay is unreasonable and I'm quoting from page 830 we emphasize that our conclusion would be different if the delay in this case had resulted from the pendency of the motion dismissed any period of delay resulting from any pretrial motion is excludable from the filing of the motion through the conclusion of the hearing on or the prop disposition of the motion whether or not the delay in holding that hearing is reasonably necessary where delay commencing a trial results from the pendency of the motion as when the district court holds off trial pending a hearing on the motion the delay will ultimately automatically be excluded from the speedy trial act calculation no matter how unreasonable or unnecessary that delay might seem that is the difference here in Henderson there were a number of motions including a suppression motion that was argued rebriefed argued reconsideration was motions were filed and that delayed the trial here this motion held was out in abeyance for two years and then suddenly someone discovered it and all of a sudden it was going to exclude all this time one thing that judge Hawkins mentioned just to clear up the timing of this motion the motion was filed and is an exclusion of five months nearly eight months after the motion had been filed so it's not just the five months at issue here it's got to run for two years another government another suggestion the council made was that the government was solicitous of trying to get a speedy trial here that suggestion based on the record is laughable that Mr. Lewis repeatedly asked for a speedy trial where he's asking him to set a trial where he's making a motion to sever it and in every single instance the government opposed that request the court was a little bit more candid at one point and I'm quoting from page 21 of the brief the court agreed I am sensitive to your concern and you're right you have been you've wanted to get to trial in a much more expeditious fashion and I've requested in each instance the government opposed it for whatever reason they came up with to and it and it just frustrated his ability to get a trial in a speedy manner as a matter of course these motions in limine are decided at the final pretrial conference that that just happens in in practice and there's a good reason for it because if the matter is going to go to trial the judge is going to want to spend the time to kind of decide some of these things it's kind of silly to decide and spend a lot of time deciding a motion to present the agent's testimony and installments if in fact the case please or it never is disposed of in another way and it never actually goes to trial so as a matter of course these these types of motions are going to be decided at the final pretrial and there are a number of other motions that under the government's reasoning are going to exclude time for five years ten years fifteen years motions for instance to have the defense investigators sit at defense counsel table that's a motion in limine a motion for a james hearing on co-conspirator statements a motion for a 104 hearing on 404b evidence all these motions would exclude time are you saying that it's the practice in this district to generally schedule motions of that nature for the pretrial i i think it is and i i wish i could quote you the local rule from the northern district i do know as just a matter of practice that that's generally what happens the court unless it's a an enormous case where you know it can be dealt with but in general if it's a case that involves wiretaps or any kind of search issues the court will try to eliminate those search issues or the wiretap issues first to get some sense of what the scope of the evidence is and then in motions such as this motion which are really directed at the presentation of evidence at trial and you know the the kind of rather outside the substantive issues of evidence and things like that but more kind of the procedural how are we going to conduct the trial are handled more closer to trial and and in the normal course of things at the final pretrial conference so well in closing i just think that any number of motions will justify continuing the case and finding excludable time at ad infinitum and it is just going to inviscerate eviscerate the act and the limitation you agree we can't look at whether the delay is reasonable yes i do and if delay only your use of the issue as you see it is whether it was the motion that caused it or whether it resulted from the motion or whether it was not the motion that was caused the delay yes and the best way to kind of highlight that is to juxtapose the facts from Henderson with the facts from this case okay well we'll have to read to him all right thank you in the one minute I have remaining I do want to point out that the venue challenge was to the conspiracy count and the the three substantive 545 smuggling violations mr. pooch was acquitted of the false labeling counts or three false labeling counts he's acquitted those counts so we've challenged on venue grounds all the accounts of conviction which is the issue minor I the issue is whether your minor compared to other people in the conspiracy that the charge defendants in the indictment were Lewis and Oscar shoe who was a fugitive but he was one of the major smugglers from the Far East mr. Wong who allegedly was the largest smuggler in the Far East mr. Burroughs who had many many times where he brought items into the United States in fact kimono dragons eventually once a bit someone quite prominent and Jeffrey Miller these were the defendants that were charged mr. Miller for which my client was compared with mr. Miller was a person who benefited from the scheme he was involved in at least four of the shipments he was a prime mover sold the animals that he received in successful shipments so this is the people you compare him with now there are other people involved in the scheme that may be less involved than mr. Palouse but mr. Palouse certainly of the charge defendants and the people that they were prominent in the scheme is what is the test is it should he be compared to all the people involved in the conspiracy or just to the people who were charged in this indictment well there's only two other people really that were that were brought into this particular indictment and mr. Liu King your answer is in this case it doesn't make any difference whichever definition you in this case no matter what he's a minor player I'm not asking for a minimal participation that would just put them that way that we have nothing but I'm asking for a minor participation adjustment of two levels so thank you very much thank you okay all right thanks very much case disargued will be submitted thank you all for the argument and the court will stand we'll take a brief recess for the morning
judges: Reinhardt, Siler, Hawkins